NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3103

ROBERT N. MCINTOSH,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Robert N. McIntosh, of Chicago, Illinois, pro se.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3103

ROBERT N. MCINTOSH,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752070272-I-2.

_____

DECIDED: June 9, 2008

_____

Before MICHEL, <u>Chief Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

PER CURIAM.

The Merit Systems Protection Board ("Board") upheld the Department of Veterans Affairs ("Department")'s termination of one of its employees for patient abuse. We <u>affirm</u>.

This case arises out of a verbal altercation between the appellant, Robert N. McIntosh ("McIntosh"), a medical technician at a Department Hospital, and a patient whose hospital room he entered to take the patient's vital signs. The Department

credited the patient's version of what happened, and removed McIntosh for "patient abuse and using intimidating language towards a patient."

After a hearing, the Board's administrative judge affirmed the removal in her initial decision, which became final when the Board refused to review it. We affirm that decision, primarily for the reasons given in that opinion.

The administrative judge stated that the issue was "one of credibility." There was a sharp disagreement among the witnesses over what happened. The patient described improper and threatening statements McIntosh allegedly made to him. The patient's teenage brother, who was present in the room, corroborated the patient's testimony. McIntosh denied making the statements attributed to him and gave a quite different version of what happened.

The administrative judge determined that the patient's version of the events was "more credible than the appellant's based on the inherent improbability of the appellant's version, [the patient's] lack of motive to invent the complaint, [the patient's] version painting himself in an unflattering light, and [the patient's] version having been corroborated by his brother who was present at the scene." We have no reason to reject that credibility determination.

We also affirm the administrative judge's sustaining of the penalty of removal as reasonable. After reviewing the relevant Douglas factors, Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981), she found that McIntosh's "brief tenure and the seriousness of his offense in connection with his position outweigh[ed] the mitigating circumstances [(provocation)] surrounding this event." She, therefore, properly concluded that the agency did not abuse its discretion in removing McIntosh.

We have considered McIntosh's other contentions, but deem them unpersuasive.

The decision of the Board affirming McIntosh's removal is

<u>AFFIRMED</u>.